JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO)

## I. (a) PLAINTIFFS
Kevin E. Chambers

## DEFENDANTS
International Fidelity Insurance Company

E-filing **EDL**    *ADR*

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Contra Costa
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  N/A
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Charles R. Gossage
31441 Santa Margarita Parkway, Suite A260
Rancho Santa Margarita, CA 92688
Tel: 949.709.0006

ATTORNEYS (IF KNOWN)
Steven R. Blackburn (SBN 154797)
Andrew J. Sommer, Esq. (SBN 192844)
EPSTEIN BECKER & GREEN, P.C.
1 California St., Ste. 2600, San Francisco, CA 94111
Tel: 415-398-3500

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ Original Proceeding ☒  ☐ Removed from State Court  ☐ Remanded from Appellate Court  ☐ Reinstated or Reopened  ☐ Transferred from Another district (specify)  ☐ Multidistrict Litigation  ☐ Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury | Seizure of | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault Libel & | Product Liability | Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers | Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 810 Selective Service |
| Student Loans (Excl Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational | | ☐ 850 Securities/Commodities/ |
| ☐ 153 Recovery of Overpayment | ☐ 345 Marine Product | ☐ 370 Other Fraud | Safety/Health | **SOCIAL SECURITY** | Exchange |
| Liability | Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 160 Stockholders Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle | Property Damage | **LABOR** | ☐ 863 DIWC/DIWW | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | Product Liability | ☐ 385 Property Damage | ☐ 710 Fair Labor | (405(g)) | ☐ 892 Economic Stabilization |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury | Product Liability | Standards Act | ☐ 864 SSID Title XVI | Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | ☐ 441 Voting | ☐ 510 Motion to Vacate | ☐ 730 Labor/Mgmt | | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☒ 442 Employment | Sentence Habeas | Reporting & | **FEDERAL TAX SUITS** | ☐ 895 Freedom of |
| ☐ 220 Foreclosure | ☐ 443 Housing | Corpus: | Disclosure Act | ☐ 870 Taxes (U.S. Plaintiff | Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 444 Welfare | ☐ 530 General | ☐ 740 Railway Labor Act | or Defendant) | ☐ 900 Appeal of Fee |
| ☐ 240 Torts to Land | ☐ 440 Other Civil Rights | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party | Determination Under |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/disab - Empl | ☐ 540 Mandamus & | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/ disab - Other | Other | Security Act | | ☐ 950 Constitutionality of |
| | ☐ 480 Consumer Credit | ☐ 550 Civil Rights | | | State Statutes |
| | ☐ 490 Cable/Satellite TV | ☐ 555 Prison Condition | | | ☐ 890 Other Statutory Actions |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)  28 U.S.C. section 1441(a). This is an action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY  PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AN "X" IN ONE BOX ONLY)    ☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE
June 17, 2008

SIGNATURE OF ATTORNEY OF RECORD



1  Steven R. Blackburn, State Bar No. 154797
   Andrew J. Sommer, State Bar No. 192844
2  EPSTEIN BECKER & GREEN, P.C.
   One California Street, 26th Floor
3  San Francisco, California 94111-5427
   Telephone: 415.398.3500
4  Facsimile: 415.398.0955
   sblackburn@ebglaw.com
5  asommer@ebglaw.com

6  Attorneys for Defendant,
   INTERNATIONAL FIDELITY INSURANCE
7  COMPANY                              E-filing

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11

12 KEVIN E. CHAMBERS,            CV  CASE NO.        2994

13            Plaintiff,
                                 NOTICE OF REMOVAL –
14     v.                        DIVERSITY

15 INTERNATIONAL FIDELITY
   INSURANCE COMPANY, an Entity of
16 Unknown Form; and DOES 1-20

17            Defendants.

18

19 TO THE CLERK OF THE ABOVE-ENTITLED COURT:

20     PLEASE TAKE NOTICE that Defendant International Fidelity Insurance Company

21 ("Defendant") hereby removes to this Court the state court action described below.

22     1.    On February 13, 2008, an action was commenced in the Superior Court of

23 California, County of Contra Costa, entitled *Kevin E. Chambers v. International Fidelity*

24 *Insurance Company, an Entity of Unknown Form, and DOES 1-20,* designated as Case No. C 08-

25 00361.

26     2.    Plaintiff Kevin E. Chambers' ("Plaintiff") Complaint contains seven causes of

27 action: (1) breach of contract, (2) fraud, (3) wrongful termination in violation of public policy,

28 (4) violation of California Labor Code section 970, (5) breach of the covenant of good faith and

---

SF:174513v1                              NOTICE OF REMOVAL – DIVERSITY

1 | fair dealing, (6) negligent misrepresentation, (7) age discrimination in violation of the California
2 | Fair Employment and Housing Act, California Government Code section 12940; (8) defamation,
3 | and (9) intentional infliction of emotional distress. Defendant received a copy of the Summons
4 | and Complaint on May 21, 2008. A true and correct copy of the Summons, Complaint, and all
5 | papers delivered therewith to Defendant, are attached as **Exhibit A**. On June 16, 2008,
6 | Defendant filed an Answer to the Complaint in the Superior Court of Contra Costa County. A
7 | true and correct copy of that Answer is attached hereto as **Exhibit B**. Defendant is informed and
8 | believes, and thereon alleges, that other than the pleadings attached to this Notice of Removal,
9 | there have been no further pleadings, process, or orders filed in this action.

10 | 3. Defendant is informed and believes that Plaintiff is now, and was at the time this
11 | lawsuit was filed, a citizen of the State of California, residing in Contra Costa County.
12 | Defendant is now, and was at the time this lawsuit was filed, a New Jersey corporation, with its
13 | principal place of business in New Jersey.

14 | 4. Jurisdiction: This is a civil action over which this Court has original jurisdiction
15 | under 28 U.S.C. section 1332, and is one which may be removed to this Court by Defendant,
16 | pursuant to provisions of 28 U.S.C. section 1441(a), because this is an action between citizens of
17 | different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest
18 | and costs.

19 | 5. Intradistrict Assignment: Venue lies in the United States District Court for the
20 | Northern District of California, pursuant to 28 U.S.C. sections 1391(a) and 1441(a), because the
21 | state court action was filed in this District and this is the judicial district in which the action
22 | arose. Pursuant to Local Rule 3-2(d), intradistrict venue properly lies in the San Francisco
23 | Division because Plaintiff's state court complaint was filed in the Superior Court of Contra Costa
24 | County.

25 | ///
26 | ///
27 | ///
28 | ///

- 2 -

1        WHEREFORE Defendant prays that the above-referenced action be removed from the

2  Superior Court of Contra Costa County to this Court.

3  DATED: June 17, 2008                    EPSTEIN BECKER & GREEN, P.C.

4

5                                          By: _____

6                                              Steven R. Blackburn
                                               Andrew J. Sommer
7                                              Attorneys for Defendant
                                               INTERNATIONAL FIDELITY
                                               INSURANCE COMPANY
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -

SF:174513v1                                            NOTICE OF REMOVAL – DIVERSITY

1     **PROOF OF SERVICE**

2     STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

3     1.    At the time of service I was at least 18 years of age and **not a party to this legal action**.

4     2.    My business address is One California Street, 26th Floor, San Francisco, California
5           94111-5427.

6     3.    I served copies of the following documents (specify the exact title of each document
      served):

7           ➢ **NOTICE OF REMOVAL – DIVERSITY**

8     4.    I served the documents listed above in item 3 on the following persons at the addresses
      listed:

9
                 Charles R. Gossage, Esq.              *Attorneys for Plaintiff*
10               31441 Santa Margarita Parkway
                 Suite A260                        Tel    (949) 709-0006
                 Rancho Santa Margarita, CA 92688  Fax    (949) 709-7838
11

12    5.    ☑    **By United States mail**.  I enclosed the documents in a sealed envelope or
                 package addressed to the persons at the addresses in item 4 and *(specify one):*

13                (1) ☐    deposited the sealed envelope with the United States Postal Service, with
14                         the postage fully prepaid on the date shown below, or

15                (2) ☑    placed the envelope for collection and mailing on the date shown below,
                           following our ordinary business practices.  I am readily familiar with this
16                         business's practice for collecting and processing correspondence for
                           mailing.  On the same day that correspondence is placed for collection and
17                         mailing, it is deposited in the ordinary course of business with the United
                           States Postal Service, in a sealed envelope with postage fully prepaid.

18               I am a resident or employed in the county where the mailing occurred.  The
19               envelope or package was placed in the mail at San Francisco, California.

20    6.    I served the documents by the means described in item 5 on *(date):*  June 17, 2008

21    I declare under penalty of perjury under the laws of the State of California that the foregoing is
      true and correct.

22

23    06/17/08 _____    _____Virginia Li_____    _____
         DATE                            (TYPE OR PRINT NAME)               (SIGNATURE OF DECLARANT)
24

25

26

27

28

                                                    - 4 -

**CLAIM**

SUM-100

**SUMMONS**
*(CITACION JUDICIAL)*

MAY 2 1 2008
**RECEIVED**

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

F I L E D

FEB 13 2008

E. TORRE CLERK OF THE COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA

By_____, Deputy Clerk

D. WEBER

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
International Fidelity Insurance Company, an Entity of Unknown Form ;
and DOES 1-20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Kevin E. Chambers, an Individual

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of the State of California, Contra Costa County
~~640 Ygnacio Valley Road, Walnut Creek, California 94596~~
725 Court St   Martinez CA  94553

CASE NUMBER *(Número del Caso):* 08 - 00361

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Charles R. Gossage, Esquire        949.709.0006 (Tel.)/949.709.7838 (Facsimile)
31441 Santa Margarita Parkway, Suite A260, Rancho Santa Margarita, California 92688

DATE: FEB 13 2008
*(Fecha)*

Clerk, by D. WEBER, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons. (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* INTERNATIONAL FIDELITY INSURANCE COMPANY.

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

**HAND DELIVERED** SUMMONS

Date A. Carrasco

Received By 5/2/08

1  CHARLES R. GOSSAGE, CA BAR NO. 166260
   31441 Santa Margarita Parkway, Suite A260
2  Rancho Santa Margarita, California 92688
   949.709.0006 (Telephone)
3  949.709.7838 (Facsimile)

4  Attorneys for Plaintiff

**F I L E D**

FEB 13 2008

K. TORRE CLERK OF THE COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA

By_____, Deputy Clerk

D. WEBER

5
6              SUPERIOR COURT OF THE STATE OF CALIFORNIA
7                     COUNTY OF CONTRA COSTA

8
9  KEVIN E. CHAMBERS, an Individual,          Case No. C 0 8 - 0 0 3 6 1

               Plaintiff,                     **COMPLAINT FOR:**
10
       Vs.                                    1)  **Breach of Contract**
11                                            2)  **Fraud**
   INTERNATIONAL FIDELITY                     3)  **Wrongful Termination**
12 INSURANCE COMPANY, an Entity of            4)  **Violation of Labor Code 970**
   Unknown Form; and DOES 1-20               5)  **Breach of Covenant of Good Faith**
13                                                **& Fair Dealing**
14                                            6)  **Negligent Misrepresentation**
                                              7)  **Age Discrimination**
15                                            8)  **Defamation**
                                              9-10) **Intentional and Negligent Infliction**
16                                                **of Emotion Distress**
17
                                              PER LOCAL RULE 5 THIS
18                                            CASE IS ASSIGNED TO
                                              DEPT _____ 2
19

20         Plaintiff Kevin E. Chambers (hereinafter referred to as "Plaintiff"), hereby complains and

21  alleges as follows:

22                     **PARTIES, VENUE AND JURISDICTION**

23         1.    Plaintiff is, and at all times mentioned herein was, an individual residing in

24  Clayton, California, County of Contra Costa. Plaintiff is a recognized leader in the surety

25  insurance industry with substantial experience and successes in developing contract surety

26  business throughout the Western United States and, in particular, throughout California as a surety

27  insurance underwriter.

28  ///

/ / /

2.      Plaintiff is informed and believes and thereupon alleges that Defendant International Fidelity Insurance Company (hereinafter referred to as "IFIC") is, and at all times mentioned herein was, an entity of unknown form and that was authorized to do and doing business as an insurance company and surety insurer, selling and transacting insurance on behalf of the general public, and engaging in other insurance related businesses in the State of California, among other locations.

3.      The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants herein named as DOES 1 through 20 (hereinafter referred to as "DOE Defendants"), inclusive, are unknown to Plaintiff, who therefore sues said DOE Defendants by such fictitious names, and Plaintiff will ask leave of court to amend this pleading to show their true names and capacities when same has been ascertained.

4.      Plaintiff is informed and believes and upon such information and believe alleges that at all times herein mentioned, Defendants, and each of them, aided, abetted, and conspired with each other to damage and injure Plaintiff and its business as hereinafter alleged. Plaintiff further alleges that Defendants, and each of them, were, and are, in some manner responsible to Plaintiff under the obligations and allegations stated herein, that each such Defendant was and is the agent and/or representative of the remaining Defendants, and that each Defendant in doing the things alleged herein, acted and continues to act with the knowledge and consent of the remaining defendants.

5.      Collectively, IFIC and the DOE Defendants are hereinafter referred to as the "Defendants".

6.      Jurisdiction and venue are proper in this Court because Plaintiff managed and worked in IFIC's Branch Office in Walnut Creek, California, and because many of the misrepresentations and breaches occurred in Walnut Creek and/or Clayton, both of which are in the County of Contra Costa.

7.      Jurisdiction is further proper in this court over each Defendant because, on information and belief, Defendants are either residents of this jurisdiction, transactrs or transacted

-2-

1  business in this jurisdiction, and/or contracted for business in which Plaintiff was involved in

2  securing the business, and Defendants wrongfully terminated Plaintiff in County of Contra Costa.

3        8.      Venue is proper in the Superior Court because this is an action of general and

4  unlimited jurisdiction, is not a small claims or limited jurisdiction case and the amount in

5  controversy exceeds $75,000.

6

7        <u>SUMMARY OF FACTS AND CLAIMS COMMON TO ALL CAUSES OF ACTION</u>

8        9.      This case is about Defendants' abuse of Plaintiff's trust and confidence by

9  fraudulent and/or negligent misrepresentations and omissions which induced Plaintiff leave his

10  employer XL Surety and to embark on a mission to almost single handedly grow and develop

11  Defendants' most profitable Branch Office based upon Defendants' promise and representation of

12  a long term career with Defendants that would result in substantial increases in salary, significant

13  performance bonuses, and tremendous autonomy in the growth of what would soon be

14  Defendants' most successful Branch Office.

15

16        10.     Prior to taking a position with Defendants and opening Defendants Branch

17  Underwriting Office in Northern California, Plaintiff was a recognized leader in the contract surety

18  insurance business with more than fifteen (15) years of experience. Directly prior to being pursued

19  and persuaded to join Defendants' surety insurance operation and opening the Branch Office for

20  Defendants, Plaintiff was the Regional Manager in charge of XL Surety's contract surety

21  underwriting operations, and was single handedly responsible for the management, growth, and

22  ultimate profitability of XL Surety's contract surety business.

23        11.     In or about February 2001, Defendants approached Plaintiff's successful XL Surety

24  office and underwriting operation and began courting Plaintiff to join Defendants and expand

25  Defendants' contract surety business by opening Defendants' first branch office in California to

26  serve the Western United States. Defendants, by and through its executive officers and authorized

27  representatives, made representations to Plaintiff during the month of February 2001 that by

28  transferring Plaintiff's business to Defendants and opening Defendants' West Coast Branch

-3-

1   Office, Plaintiff would have guaranteed long term employment with Defendants that would
2   translate into significant annual monetary increases, large performance based bonuses, a leased
3   company vehicle with all expenses paid, and an expense account consistent with that of the highest
4   level of executives within Defendants' organization. Indeed, in an effort to lure Plaintiff to join
5   Defendants and grow what was a non-existent West Coast contract surety operation for
6   Defendants, Defendants promised and paid Plaintiff a $50,000 signing bonus.

7
8       12.    Based upon Defendants material promises of long-term employment, significant
9   compensation, management autonomy, and the opportunity to open, manage, and run Defendants'
    West Coast Operations, Plaintiff resigned his Regional Manager position at XL Surety and joined
10  Defendants on or about April 18, 2001. Indeed, on that date, Plaintiff arrived at the Walnut Creek
11  Chrysler Jeep Dealership, was handed the keys to his new Chrysler Concorde, and immediately
12  proceeded to drive to Los Angeles, California to begin meeting with Plaintiff's largest surety
13  broker accounts to begin building Defendants' West Coast Operation.
14

15      13.    From the moment Plaintiff joined Defendants' organization, Defendants knew that
16  their recruiting efforts had paid off – Plaintiff was literally working "24/7", traveling throughout
17  the Western United States to develop and secure contract surety and other business, and single
18  handedly managing and leading the growth of Defendants' first West Coast Branch Office that
19  would soon become Defendants' most profitable underwriting operation center.

20
21      14.    In his efforts to grow Defendants' West Coast contract surety business and as part
22  of his unparalleled and unmatched work ethic, Plaintiff was literally working off the floor of an
    empty office with only a telephone and a card table Plaintiff used to conduct business until the
23  office Plaintiff located and leased was fully furnished. Yet, by June 2001, Plaintiff had single
24  handedly booked approximately $225,000 in surety premium – more than most of Defendants'
25  existing, fully staffed, and operating offices.
26

27      15.    By July of 2001, Plaintiff had fully transitioned his $3 million book of business
28  from XL Surety and did so only with the assistance of his Executive Assistant, Elisa DeCristo. In

-4-

1   September 2001, Ms. DeCristo went on maternity leave and Plaintiff was left to run a multi-

2   million dollar contract surety underwriting operation for Defendants with only the assistance of a

3   temporary employee.

4
        16.    By the end of December 2001, through Plaintiff's energy, efforts, and "sweat
5
    equity", Plaintiff had grown Defendants' California Branch Office to more than five (5) employees
6
    and finished the year with approximately $1,600,000 in booked contract surety premium -- with no
7
    losses. Defendants applauded Plaintiff's unprecedented accomplishments, and enjoyed the
8
    remarkable profits Plaintiff had generated for Defendants in less then eight (8) months.
9

10      17.    Defendants could not contain their enthusiasm for what Plaintiff had accomplished

11  and documented as much in Plaintiff's first Performance Evaluation & Assessment by rating

12  Plaintiff as "very superior" and "exceptional." Defendants stated that Plaintiff has met and

13  exceeded all of his 2001 target goals, and further applauded Plaintiff for, in Defendants' words,

14  doing a "fine job in opening [Defendants] branch in California, bringing over agent and account

15  relationships and getting things up and running. *This has required personal sacrifices at times*

16  *and long hours. A pretty amazing year for Kevin, all things considered.*"

17
        18.    Plaintiff's success continued into 2002 and, through this exhaustive efforts,
18
    Plaintiff closed the year in 2002 with $6,600,000 in booked contract surety premium and an
19
    incredibly profitable year that, again, benefited Defendants and significantly contributed to
20
    Defendants' bottom line.
21

22      19.    Defendants were overwhelmingly pleased with Plaintiff's success – in less than 20

23  months, Plaintiff had opened and developed an office that was a significant "money maker" for

24  Defendants and Plaintiff had wildly exceeded Defendants' expectations.   This was again

25  documented in Plaintiff's 2002 Performance Evaluation & Assessment with any overall rating of

26  "very superior." Defendants stated that Plaintiff had "*met all goals while assisting a commercial*

27  *surety operation in getting of the ground . . . All in all, [Plaintiff] exhibited considerable*

28  *managerial skills and business acumen . . . .*"

1    20.    To ensure that Plaintiff was a fixture of Defendant's organization, Defendants

2  committed to Plaintiff that as long as he was generating contract surety business with Defendants

3  he "had a job for life" and would continue to climb Defendants' ladder of compensation, success,

4  and responsibility. Defendants continually represented throughout the entirety of Plaintiff's

5  "employment" with Defendants that he was an integral member of Defendants' team and,

6  specifically, "indispensable. "

7    21.    Plaintiff continued his screaming success for Defendants with a banner year in 2003

8  and $10,700,000 in booked contract surety premium -- $3,200,000 more than what Defendants had

9  targeted as Plaintiff's Branch Office's goal. Plaintiff's extraordinary efforts -- which were

10  unmatched across the organization -- were awarded with an "exceptional" 2003 Performance

11  Evaluation & Assessment and the Defendants' statement that Plaintiff "has had a very good year in

12  terms of having the office come together from a staffing and production standpoint. *In fact, the*

13  *volume of written premium has been a little short of amazing."*

14    22.    In 2004, less than 2 ½ years with Defendants, Plaintiff had grown the office almost

15  ten-fold to $14,000,000 in booked contract surety premium. Plaintiff's efforts were again

16  rewarded with an outstanding review, and with a statement that most commercial underwriters can

17  only wish for -- "the management challenge continues to be *underwriting this dynamic book* with

18  an economical staff and communicating with senior members at IPIC in Newark." Bottom line --

19  Defendants were having trouble keeping up with Plaintiff's energy, work ethics, and success.

20    23.    By 2004, Plaintiff was in managing the most successful Branch Office in

21  Defendants' organization. Indeed, Plaintiff's Branch Office exceeded the next closest Branch

22  Office by $6,000,000 and was, without a doubt, an incredibly profitable division of Defendants'

23  organization.

24    24.    In 2005, Plaintiff set another underwriting premium record for Defendants' entire

25  organization -- $15,800,000 with a loss ratio of only 10%. No other Branch Office came even

26  close.

27    25.    Throughout their almost five (5) year year relationship, Defendants forged a very

28  close professional and personal relationship with Plaintiff, and became intimately familiar with

-6-

KEVIN E. CHAMBERS COMPLAINT

1  Plaintiff's day to day operations in an effort to replicate Plaintiff's successes throughout the United

2  States. Notably, Plaintiff had close, personal relationships with many of Defendants' Senior

3  Executives.

4     26.    Consistently, year in and year out of the parties' relationship, Plaintiff out-

5  performed all projections and milestones set by Defendants – without exception.

6     27.    Up through 2005, Defendants represented that they would take all necessary steps

7  to protect Plaintiff's interests in the organization and that they would continue to reward him with

8  compensation increases, bonuses, and additional vacation time (which had grown to more than six

9  (6) weeks of personal time off). Defendants made it clear that Plaintiff would "always" be running

10  the show in the West Coast and that his continued success was one of the primary reasons that

11  Defendants were enjoying such success. In view of their long-standing and very close professional

12  and personal relationship, Plaintiff relied upon Defendants to take appropriate action to protect

13  Plaintiff's interests within the organization and follow through with their long term employment

14  commitments.

15     28.    Notwithstanding Defendants committed to Plaintiff that he had permanent and long

16  term employment within Plaintiff's organization, unbeknownst to Plaintiff, Defendants' Robert

17  Minster ("Minster"), the newly minted Senior Vice President and Chief of Underwriting, had

18  ulterior motives.    Minster began complaining to Plaintiff regarding Archie Stahr, Sr. Vice

19  President of Operations – conduct which Plaintiff considered to be unprofessional and

20  inappropriate. Minster made it clear to Plaintiff that it was either "his way or the highway." This

21  was completely contrary to what Plaintiff had experienced during his tenure with Defendants, and

22  entirely inconsistent with Defendants' representations that Plaintiff was part of the fabric of the

23  organization and an indispensable member. Plaintiff communicated his concerns to Mr. Stahr and

24  Defendants Human Resources Department. The HR Department agreed to take Plaintiff's

25  concerns seriously and investigate same.

26     29.    In December 2005, Plaintiff again confidentially and discreetly approached the HR

27  Department and Bea Sampedro to report his concern regarding the unprofessional and intimidating

28  conduct of Minster. Specifically, Ms. Sampedro was notified that Minster was speaking to

1  Plaintiff in a patronizing, condescending, and belittling manner and tone, and that Minster was
2  creating a negative culture within the organization by pitting underwriting against the claims
3  department. Ms. Sampedro documented Plaintiff's concerns and advised that the HR Department
4  would investigate same, but to give Minster "a chance since he was new on the job and had little
5  experience managing people."

6        30.     In February 2006, Plaintiff received a derogatory, aggressive, and mean spirited
7  written communication from Minster regarding what should have been a benign and harmless
8  issue – the transmittal of "quarterly reports." Minster was critical, demeaning, and unprofessional
9  in his communication. Once again, Plaintiff went to what he understood to be the safe haven of
10  the Defendants' organization – the HR Department and Ms. Sampedro – and reported the conduct.
11  Ms. Sampedro engaged Plaintiff in lengthy discussions at this time, and acknowledged that
12  Minster's conduct was unprofessional and that Minster needed to develop interpersonal skills.
13  The HR Department agreed to counsel Minster but also treat Plaintiff's complaints with great
14  confidentiality and discretion.

15        31.     Thereafter, in late February 2006, Minster and Ms. Sampredo walked into
16  Plaintiff's office unannounced and summarily fired Plaintiff – demanding that he immediately
17  leave the premises. Defendants humiliated Plaintiff and refused to allow him to gather his
18  personal belongings and, notably, Minster stated that they could "fire" Plaintiff at will and without
19  any cause. Indeed, Minster stated that he could fire Plaintiff for whatever reason and whenever he
20  wanted.

21  **FIRST CAUSE OF ACTION**

22  **(Breach of Contract—Against All Defendants)**

23        32.     Plaintiff incorporates by reference paragraphs 1 through 31 as though fully set forth
24  herein.

25        33.     Plaintiff and Defendants entered into various written and oral agreements in
26  connection with Plaintiff's employment relationship with Defendants during the years of 2002,
27  2003, 2004, and 2005 all of which are Plaintiff's possession, custody, and control.

28

34.    Pursuant to the terms and conditions of the parties' written and oral agreements,
Plaintiff was to manage, develop, and grow Defendants' West Coast Branch Office and, in
exchange for Plaintiff's considerable efforts and resourcefulness, Defendants would provide
Plaintiff with continuous, uninterrupted, and long term employment. Plaintiff performed all
conditions required of him under the various agreements.

35.    Defendants materially breached numerous provisions of each of these agreements
when, in late February 2006, Defendants summarily terminated Plaintiff without notice, without
cause, and/or any suggestion of concern whatsoever.

36.    As a proximate cause of Defendants' material breaches of such agreements,
Plaintiff has been damaged in an amount to be proven at trial, but in excess of the jurisdictional
limits of this Court.

## SECOND CAUSE OF ACTION

### (Fraud—Against All Defendants)

37.    Plaintiff incorporates by reference paragraphs 1 through 36 as though fully set forth
herein.

38.    As discussed above, Defendants fraudulently induced Plaintiff to resign from XL
Surety and joint Defendants' Organization. Defendants, and each of them, knew that Plaintiff
would rely upon them and resign from his position to XL Surety, forego other job opportunities,
and greatly contribute Plaintiff's time, energy, resources, and account relationships to grow
Defendants' West Coast operations. Defendants represented to Plaintiff in 2001 and each year
thereafter until Plaintiff was terminated in 2006 that Plaintiff's employment was permanent, long
term, and otherwise intimately tied to Defendants' operations and successful long term business
strategy. At the time Defendants made these representations and promises, they had no intention
of performing them. Plaintiff was ignorant of the falsity of the representations and each of them
and believed them to be true.

39.    Plaintiff relied upon these representations and resigned from his job, enabled
Defendants to open, develop, and grow a very successful and profitable West Coast Branch Office,
forewent other lucrative opportunities, took the Regional Manager position within Defendants'

-9-

1   organization, and then continued to work for Defendants up through and including late February

2   2006. As the direct result of Defendants' false representations, Plaintiff has suffered general and

3   special damages in an amount to be proven at trial.

4         40.     The aforementioned conduct of Defendants constitutes intentional

5   misrepresentation, deceit, or concealment of a material facts known to Defendants with the

6   intention on their part of thereby depriving Plaintiff of his property, assets or legal rights or

7   otherwise causing injury, and was despicable conduct that subjected Plaintiff to cruel and unjust

8   hardship in conscious disregard of its rights, so as to justify an award of exemplary and punitive

9   damages.

10                         **THIRD CAUSE OF ACTION**

11        **(Wrongful Termination in Violation of Public Policy —Against All Defendants)**

12        41.     Plaintiff incorporates by reference paragraphs 1 through 40 as though fully set forth

13   herein.

14        42.     As described herein, Defendants summarily and wrongfully terminated Plaintiff's

15   employment.

16        43.     Defendants unannounced decision was based upon retaliatory reasons because

17   Plaintiff communicated his complaints to Defendants' HR Department and, among other reasons,

18   because of Plaintiff's age.

19        44.     It is against fundamental California Public Policy to discriminate against an

20   employee because of age and for retaliatory reasons.

21        45.     Defendants actions were in violation of California Labor Code, as well as the

22   California Business & Professions Code.

23        46.     As a direct and proximate result of Defendants' actions, Plaintiff has been damaged

24   in an amount to be proven at the time of trial, but in excess of the jurisdictional limits of this

25   Court.

26        47.     The aforementioned acts by Defendants were willful, fraudulent, oppressive and

27   malicious.

28

-10-

KEVIN E. CHAMBERS COMPLAINT

1    48.    Plaintiff is entitled to punitive or exemplary damages sufficient to serve as an

2    example and punish Defendants.

3

4

5

6                              **FOURTH CAUSE OF ACTION**

7            **(Violation of Labor Code Section 970 et seq., — Against All Defendants)**

8    49.    Plaintiff incorporate paragraphs 1 through 48 as though set forth in full herein.

9    Defendants and each of them made the representations enumerated herein. Such representations

10   were knowingly false at the time they were made and concerned the kind, character, and/or

11   existence of work and length of time of such work would last and the compensation therefore. At

12   the times Defendants made these promises, they had not intention of performing them. Plaintiff

13   was ignorant of the falsity of the representations and each of them and believed them to be true.

14   Plaintiff resigned from his position at XL Surety and immediately opened, developed, and

15   significantly grew Defendants' operations. As the result of these false representations, Plaintiff

16   has suffered general and special damages in amount to be proven at trial.

17   50.    These misrepresentations constitute violations of Labor Code Section 970, which

18   states a specific public policy, the violation of which is a criminal offense (Section 971) entitled

19   Plaintiff to double damages (Section 972).

20   51.    The aforementioned acts by Defendants were willful, fraudulent, oppressive and

21   malicious. Plaintiff is therefore entitled to punitive or exemplary damages sufficient to serve as an

22   example and punish Defendants.

23

24                              **FIFTH CAUSE OF ACTION**

25        **(Breach of the Covenant of Good Faith and Fair Dealing— Against All Defendants)**

26   52.    Plaintiffs incorporate paragraphs 1 through 51 as though set forth in full herein.

27   53.    Plaintiff and Defendants entered into an agreement in 2001, and each year

28   thereafter until Plaintiff's termination in 2006, regarding the terms of Plaintiff's employment and

-11-

02/13/2008  10:29 FAX  14153511389                                                 @015/019

1  his compensation therefore. This agreement created a special relationship between Plaintiff and

2  Defendants in that Plaintiff left his former position to open and manage a Branch Office for

3  Defendants. Plaintiff relied upon Defendants unconditional supporting in starting up the new

4  Branch Office and a long term commitment of employment to replace the substantial business

5  opportunities that he forewent and to cause Plaintiff to transfer his account and agency

6  relationships. Plaintiff fully performed all of his obligations.

7       54.     Defendants failed to perform and breached their duty to Plaintiff by, among other

8  things, undermining Plaintiff's authority, interfering with Plaintiff's leadership role, and failing to

9  follow through with their long-term employment commitments. This bad faith breach was a

10  violation of the covenant of good faith and fair dealing in that Defendants were in a superior

11  position and because Plaintiff was especially vulnerable given the representations made by

12  Defendants.

13      55.     As a direct and proximate result of Defendants' breaches of their duty of good faith

14  and fair dealing, Plaintiff has been damaged in an amount to be proven at the time of trial but in

15  excess of the jurisdictional limits of this Court.

16      56.     The aforementioned acts by Defendants were willful, fraudulent, oppressive and

17  malicious. Plaintiff is therefore entitled to punitive or exemplary damages sufficient to serve as an

18  example and punish Defendants.

19                          **SIXTH CAUSE OF ACTION**

20                    **(Negligent Misrepresentation — Against All Defendants)**

21      57.     Plaintiffs incorporate paragraphs 1 through 58 as though set forth in full herein.

22      58.     As discussed above, Defendants induced Plaintiff to resign from XL Surety and

23  joint Defendants' Organization. Defendants, and each of them, knew that Plaintiff would rely

24  upon them and resign from his position to XL Surety, forego other job opportunities, and greatly

25  contribute Plaintiff's time, energy, resources, and account relationships to grow Defendants' West

26  Coast operations. Defendants represented to Plaintiff in 2001 and each year thereafter until

27  Plaintiff was terminated in 2006 that Plaintiff's employment was permanent, long term, and

28  otherwise intimately tied to Defendants' operations and successful long term business strategy. At

-12-

02/13/2008 10:30 FAX 14153611388                                                    @016/019

1    the time Defendants made these representations and promises, they had no intention of performing

2    them. Such representations were negligently and/or recklessly made. Plaintiff was ignorant of the

3    falsity of the representations, resigned from his XL Surety position, and joined Defendants'

4    organization, grew the Branch Office, and then was summarily terminated. As the result of such

5    false representations, Plaintiff has suffered general and special damages in an amount to be proven

6    in trial.

7                            **SEVENTH CAUSE OF ACTION**

8                         **(Age Discrimination — Against All Defendants)**

9         59.    Plaintiffs incorporate paragraphs 1 through 58 as though set forth in full

10    herein.

11        60.    Plaintiff was at all times material hereto an employee covered by California

12    Government Code section 12940 prohibiting discrimination in employment on the basis of

13    age.

14        61.    Defendants were at all times material hereto an employer within the

15    meaning of the California Government Code and, as such, barred from discriminating in

16    employment decisions on the basis of age as set forth in California Government Code

17    section 12940 et seq.

18        62.    At all times herein relevant, Plaintiff was over 40 years of age.

19        63.    Defendants wrongfully terminated plaintiff's employment, salary, and

20    benefits in later February 2006. These adverse employment actions were motivated, in

21    principal part, by his age. Defendants have a pattern and practice of discriminating against

22    older employees. Moreover, their alleged non-discrimination policies have a disparate

23    impact on age protected workers.

24        64.    Plaintiff filed a timely charge of harassment with the California Department

25    of Fair Employment and Housing ("DFEH") and received a Right to Sue Letter. Therefore,

26    plaintiff has exhausted all of his administrative remedies.

27        65.    As a proximate result of defendants' discrimination against plaintiff,

28    plaintiff has suffered and continues to suffer substantial losses in earning, and other

                                    -13-

1   employment and retirement benefits and has suffered and continues to suffer

2   embarrassment, humiliation and mental anguish all to his damage in an amount according

3   to proof.

4        66.    Defendants committed the acts alleged maliciously, fraudulently and

5   oppressively with the wrongful intention of injuring plaintiff from an improper and evil

6   motive amounting to despicable conduct, and in conscious disregard of plaintiff's rights.

7   Plaintiff is thus entitled to recover punitive damages from defendants in an amount

8   according to proof.

9        67.    As a results of defendant's discriminatory acts as alleged herein, plaintiff is

10  entitled to reasonable attorney's fees and costs of said suit as provided by California

11  Government Code section 12965, subsection (b).

12

13                    **EIGHTH CAUSE OF ACTION**

14                  **(Defamation — Against All Defendants)**

15       68.    Plaintiffs incorporate paragraphs 1 through 67 as though set forth in full

16  herein.

17       69.    Defendants fabricated charges of misconduct in with underwriting practices

18  and in an attempt to defame the Plaintiff and create a pretextual justification for the

19  termination of Plaintiff's employment.

20       70.    First, Defendants made a false allegations that Plaintiff was underwriting

21  accounts with poor credit risks simply to increase the premium dollars of the Branch

22  Office.

23       71.    Secondly, Defendants made false accusation that Plaintiff was manipulating

24  account histories to increase his book of business for the Branch Office.

25       72.    These defamatory statements made in conjunction with these events were

26  false and unprivileged at the time they were made. In making and communicating these

27  false accusations about Plaintiff, Defendants acted with actual malice.

28

73.     These defamatory statements were published to others than the plaintiff including, but not limited to other underwriters, employees, and potential and existing accounts.

74.     They injured the Plaintiff's reputation and ability to earn a living in his occupation.

75.     As a proximate result of Defendants' defamation of Plaintiff, Plaintiff has suffered and continues to suffer substantial losses in earning, and other employment and retirement benefits and has suffered and continues to suffer embarrassment, humiliation and mental anguish all to her damage in an amount according to proof.

76.     Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring plaintiff, from an improper and evil motive amounting to despicable conduct, and in conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from defendants in an amount accordint to proof.

## NINTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress — Against All Defendants)

77.     Plaintiffs incorporate paragraphs 1 through 76 as though set forth in full herein.

78.     In doing the things alleged herein above, Defendants did so intending to cause Plaintiff severe emotional distress and with full knowledge that their actions would indeed cause Plaintiff to so suffer.

79.     As a direct and proximate result of said defendants' conduct, Plaintiff has in fact suffered significant emotional distress which has harmed him in his feelings, mind and body.

80.     As a direct and proximate result of said defendants conduct Plaintiff has suffered economic and non-economic damages as alleged herein above.

-15-

1       81.    In doing the things herein alleges, defendants acted with malice, fraud or

2    oppression entitling Plaintiff to punitive damages according to proof.

3                           **TENTH CAUSE OF ACTION**

4                    **(Age Discrimination — Against All Defendants)**

5       82.    Plaintiffs incorporate paragraphs 1 through 81 as though set forth in full herein.

6       83.    Plaintiff is informed and believes and thereon alleges, that if the actions of

7    Defendants are found to be other than intentional, then they were negligently done entitling

8    Plaintiff to economic damages as provided by law.

9

10      **WHEREFORE,** Plaintiff prays for judgment against Defendant International Fidelity

11   Insurance Company, and each of them, as follows:

12      1.  For compensatory damages in amount in excess of the jurisdictional limits of this

13          Court;

14      2.  For exemplary and punitive damages in an amount to be determined at trial, and double

15          damages pursuant to Labor Code Section 970, et seq;

16      3.  For attorneys' fees and costs reasonably incurred;

17      4.  For cost of suit;

18      5.  For interest thereon; and

19      6.  For such other and further relief as the Court deems just and proper, including equitable

20          relief.

21                                      **JURY DEMAND**

22   Plaintiff demands a trial by jury.

23   Dated: February 13, 2008

24                                      By
                                            Charles R. Gossage
25                                          Attorneys for Plaintiff

26

27

28

-16-

SUPERIOR COURT - MARTINEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

CHAMBERS VS INTERNATIONAL FIDELITY INSURANCE

NOTICE OF CASE MANAGEMENT CONFERENCE                    CIVMSC08-00361

1.   NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE:   07/01/08        DEPT:  02        TIME:   8:30

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES.   ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2.   You may stipulate to an earlier Case Management Conference.   If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's Office at (925)957-5794 for Unlimited Civil
cases and (925)957-5791 for Limited Civil cases for assignment of an
earlier date.

3.   You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a Special Master.

4.   At any Case Management Conference the court may make pretrial
orders including the following:

    a.   an order establishing a discovery schedule
    b.   an order referring the case to arbitration
    c.   an order transferring the case to limited jurisdiction
    d.   an order dismissing fictitious defendants
    e.   an order scheduling exchange of expert witness information
    f.   an order setting subsequent conference and the trial date
    g.   an order consolidating cases
    h.   an order severing trial of cross-complaints or bifurcating
         issues
    i.   an order determining when demurrers and motions will be filed

                              SANCTIONS
If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

        Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant.

Dated:   02/13/08                 _____
                                  DANA WEBER, Deputy Clerk

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Charles R. Gossage, Esquire (SBN 166260)<br>31441 Santa Margarita Parkway, Suite A260<br>Rancho Santa Margarita, California 92688<br><br>TELEPHONE NO: 949.709.0006   FAX NO: 949.709.2838<br>ATTORNEY FOR (Name): Plaintiff Kevin E. Chambers | F I L E D<br><br>FEB 13 2008<br><br>K. TORRE CLERK OF THE COURT<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>COUNTY OF CONTRA COSTA<br>By_____, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa
STREET ADDRESS: 640 Ygnacio Valley Road
MAILING ADDRESS:
CITY AND ZIP CODE: Walnut Creek, California 94596
BRANCH NAME: Walnut Creek

| CASE NAME: | | D. WEBER |
|---|---|---|
| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER C 0 8 - 0 0 3 6 1 |
| [✓] Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: <br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

   **Auto Tort**
   - ☐ Auto (22)
   - ☐ Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   - ☐ Asbestos (04)
   - ☐ Product liability (24)
   - ☐ Medical malpractice (45)
   - ☐ Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   - ☐ Business tort/unfair business practice (07)
   - ☐ Civil rights (08)
   - ☐ Defamation (13)
   - ☐ Fraud (16)
   - ☐ Intellectual property (19)
   - ☐ Professional negligence (25)
   - ☐ Other non-PI/PD/WD tort (35)

   **Employment**
   - [✓] Wrongful termination (36)
   - ☐ Other employment (15)

   **Contract**
   - ☐ Breach of contract/warranty (06)
   - ☐ Rule 3.740 collections (09)
   - ☐ Other collections (09)
   - ☐ Insurance coverage (18)
   - ☐ Other contract (37)

   **Real Property**
   - ☐ Eminent domain/Inverse condemnation (14)
   - ☐ Wrongful eviction (33)
   - ☐ Other real property (26)

   **Unlawful Detainer**
   - ☐ Commercial (31)
   - ☐ Residential (32)
   - ☐ Drugs (38)

   **Judicial Review**
   - ☐ Asset forfeiture (05)
   - ☐ Petition re: arbitration award (11)
   - ☐ Writ of mandate (02)
   - ☐ Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   - ☐ Antitrust/Trade regulation (03)
   - ☐ Construction defect (10)
   - ☐ Mass tort (40)
   - ☐ Securities litigation (28)
   - ☐ Environmental/Toxic tort (30)
   - ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   - ☐ Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   - ☐ RICO (27)
   - ☐ Other complaint (not specified above) (42)

   **Miscellaneous Civil Petition**
   - ☐ Partnership and corporate governance (21)
   - ☐ Other petition (not specified above) (43)

2. This case ☐ is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   - a. ☐ Large number of separately represented parties
   - b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   - c. ☐ Substantial amount of documentary evidence
   - d. ☐ Large number of witnesses
   - e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   - f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action (specify): Ten
5. This case ☐ is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 12, 2008

Charles R. Gossage, Esquire
_____          ▶
(TYPE OR PRINT NAME)                                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Charles R. Gossage, Esquire (SBN 166260)
31441 Santa Margarita Parkway, Suite A260
Rancho Santa Margarita, California 92688

TELEPHONE NO. 949.709.0006     FAX NO. 949.709.2838
ATTORNEY FOR *(Name):* Plaintiff Kevin E. Chambers

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa
STREET ADDRESS: 640 Ygnacio Valley Road
MAILING ADDRESS:
CITY AND ZIP CODE: Walnut Creek, California 94596
BRANCH NAME: Walnut Creek

CASE NAME:

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER |
|---|---|---|
| [✓] Unlimited    [ ] Limited | [ ] Counter   [ ] Joinder | C 08 - 00361 |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT: |

**FOR COURT USE ONLY**

FILED

FEB 13 2008

K. TORRE CLERK OF THE COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA
By_____ Deputy Clerk

D. WEBER

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [✓] punitive

4. Number of causes of action *(specify):* Ten

5. This case [ ] is [✓] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 12, 2008

Charles R. Gossage, Esquire
_____
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

**Superior Court of California, County of Contra Costa**

## NOTICE TO DEFENDANTS
### In Underlined Jurisdiction Civil Actions

**YOU ARE BEING SUED.** The packet you have been served should contain:

- a.   The Summons
- b.   The Complaint
- c.   The Notice of Case Management (shows hearing date and time)
- d.   Blank: Case Management Statement (Judicial Council Form CM-110)
- e.   Blank: Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days (Local Court Form CV-655b)
- f.   Alternative Dispute Resolution (ADR) Information  (Local Court Form CV-655c)

---

 **WHAT DO I DO NOW?** 

**You must:**

1. **Prepare your response**    YOU COULD LOSE YOUR CASE—even before it is heard by a judge or before you can defend yourself, if you do not prepare and file a response on time. See the other side of this page for types of responses you can prepare.

2. **Complete the** *Case Management Statement* *(CM-110)*

3. **File and serve your court papers on time**    Once your court forms are complete, you must file 1 original and 2 copies of the forms at court. An adult who is NOT involved in your case must serve one set of forms on the Plaintiff. If you were served in person you must file your response in 30 days. If the server left a copy of the papers with an adult living at your home or an adult in charge at your work or you received a copy by mail you must file your response in 40 days.

4. **Prove you served your court papers on time**    by having your server complete a *Proof of Service, (Judicial Council form POS-040)*, that must be filed at the court within 60 days.

5. **Go to court** on the date and time given in the *Notice of Case Management Conference*.

6. **Consider trying to settle your case before trial**    If you and the other party to the case can agree to use mediation, arbitration or neutral case evaluation, the *Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days* can be filed with your other papers.  For more information read the enclosed ADR Information, visit www.cc-courts.org/adr, or call (925) 957-5787.

**IMPORTANT! The court recommends consulting an attorney for all or part of your case. While you may represent yourself, lawsuits can be complicated, and the court cannot give you legal advice.**

---

**COURT FEES:**  You must pay court fees the first time you file your papers.  If you also file a motion, you must pay another fee.  If you cannot afford the fees, you may ask the court to waive (allow you not to pay) fees. Use Judicial Council forms FW-001-INFO [information sheet]; FW-001 [application]; and FW-003 [order].


**COURT FORMS:**  Buy forms at the Forms Window in the Family Law Building or download them for free at:
www.courtinfo.ca.gov/forms/

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF CONTRA COSTA

_____

_____
                    Plaintiff(s)
        vs.

_____           ***Stipulation and Order* to Attend ADR and Delay**

_____           ***First Case Management Conference 90 Days***
                    Defendant(s)

Case No.:_____  Date complaint filed: _____  First case management conference set for: _____

---

▸ ALL PARTIES MUST SIGN THIS FORM AND FILE THIS STIPULATION, WITH CASE MANAGEMENT STATEMENTS,
   AT LEAST 15 DAYS BEFORE THE FIRST CASE MANAGEMENT CONFERENCE

▸ PARTIES MUST ALSO SEND A COPY OF THE FORM WITH THE JUDGE'S SIGNATURE TO THE ADR OFFICE:
   FAX: (925) 957-5689 or MAIL: P.O. BOX 911, MARTINEZ, CA 94553

▸ THIS STIPULATION MAY NOT BE USED IN COMPLEX LITIGATION CASES

---

Counsel and all parties certify they have met and conferred on the subjects set forth in Rule of Court
212(b), and have selected the following alternative dispute resolution (ADR) process: [check ☑one]:

❏ Judicial mediation        ❏ Judicial arbitration       ❏ Neutral case evaluation
❏ Private mediation         ❏ Private arbitration

COUNSEL AND ALL PARTIES AGREE TO COMPLETE ADR WITHIN 90 DAYS, AND CERTIFY:

1. This is not a complex civil case (as described in California Rules of Court, Rule 3.400);
2. All parties have been served and intend to submit to the jurisdiction of the court;
3. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
4. Defendant(s)' first appearance fee has been paid or will be submitted with this Stipulation;
5. Copies of this Stipulation and self-addressed stamped envelopes are provided for returning file-stamped
   copies to counsel and the parties;
6. Case Management Conference Statements are submitted with this Stipulation;
7. All parties will attend ADR conferences as required by local court rule (Appendix C); and,
8. All parties know the court will not allow more than 90 days to complete ADR.

---

| | | | |
|---|---|---|---|
| Counsel for Plaintiff *(print)* | Fax | Counsel for Defendant *(print)* | Fax |
| Signature | | Signature | |
| Counsel for Plaintiff *(print)* | Fax | Counsel for Defendant *(print)* | Fax |
| Signature | | Signature | |

---

Pursuant to the Stipulation of the parties, and subject to the *Case Management Order* to be filed, **IT IS SO ORDERED** that
the Case Management Conference set for _____ is vacated and rescheduled for _____ at
(8:30 a.m. / _____ ) Plaintiff's counsel must notify all parties of the case management conference.

Dated: _____          _____
                                    ***Judge of the Superior Court***

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                          FAX NO. *(Optional)*: | |
| E-MAIL ADDRESS *(Optional)*: | |
| ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one):  ☐ UNLIMITED CASE              ☐ LIMITED CASE<br>(Amount demanded          (Amount demanded is $25,000<br>exceeds $25,000)          or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                     Time:              Dept:           Div.:              Room:

Address of court *(if different from the address above)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐ have had a default entered against them *(specify names)*:

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(describe, including causes of action)*:

Page 1 of 4

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720-3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

## CONTRA COSTA COUNTY SUPERIOR COURT
### ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

All judges in the Civil Trial Delay Reduction Program agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases. To tell the court you will use ADR:

- Choose ADR on the *Case Management Form* (CM-110);
- File a *Stipulation and Order to Attend ADR and Continue First Case Management Conference 90-Days* (local court form); or
- Agree to ADR at your first court appearance.

*Questions? Call (925) 957-5787, or go to www.cc-courts.org/adr*

## MEDIATION

Mediation is often faster and less expensive than going to trial. Mediators help people who have a dispute talk about ways they can settle their case. Parties call or visit the ADR Programs office to get a list of mediators. After parties have agreed on a mediator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the mediator at least 5 court days before mediation starts.

ALL parties and attorneys must go to mediation. Mediation can be held whenever and wherever the parties and the mediator want, as long as they finish before the court deadline. In some kinds of court cases, parties have the chance to mediate in the courthouse on their trial day.

Most mediators begin by talking with the parties together, helping them focus on the important issues. The mediator may also meet with each party alone. Mediators often ask parties for their ideas about how to settle the case. Some mediators tell the parties how much money they think a case is worth, or tell them what they think might happen if the case went to trial. Other mediators help the parties decide these things for themselves. No matter what approach a mediator takes, decisions about settling a case can only be made when all the parties agree.

If the parties go through the court ADR program, mediators do not charge fees for the first half hour spent scheduling or preparing for mediation. They also do not charge fees for the first two hours of mediation. If parties need more time, they must pay that person's regular fees. Some mediators ask for a deposit before mediation starts. Mediators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the mediation. A party whose court fees have been waived (cancelled) may ask if their mediation fees or deposit can be waived.

If parties agree about how they will settle their case, they can choose to keep it private, write it up as a contract, or ask the judge to make it a court order. What parties say and agree to in mediation is confidential (private).

## PRIVATE MEDIATION

Private mediation works in the same way as judicial mediation, but the parties do not go through the ADR Programs office. Parties choose a mediator on their own, and pay the mediator's normal fees.

CV-655c/Rev. 11/05/2007



## TEMPORARY JUDGE

Some parties want a trial, but want to choose who will decide the case and when the trial will take place. Parties can agree on an attorney that they want the court to appoint as a temporary judge for their case. (See Article 6, Section 21 of the State Constitution and Rule 2.830 of the California Rules of Court.) Temporary judges have nearly the same authority as a superior court judge to conduct a trial and make decisions. As long as the parties meet the court deadline, they can schedule the trial at their own and the temporary judge's convenience.

Each of the temporary judges on the court's panel has agreed to serve at no charge for up to 5 court days. If the parties need more time, they must pay that person's regular fees. All parties and their lawyers must attend the trial, and provide a copy of all briefs or other court documents to the temporary judge at least two weeks before the trial. These trials are similar to other civil trials, but are usually held outside the court. The temporary judge's decision can be appealed to the superior court. There is no option for a jury trial. The parties must provide their own court reporter.

## SPECIAL MASTER

A special master is a private lawyer, retired judge, or other expert appointed by the court to help make day-to-day decisions in a court case. The special master's role can vary, but often includes making decisions that help the discovery (information exchange) process go more smoothly. He or she can make decisions about the facts in the case. Special masters can be especially helpful in complex cases. The trial judge defines what the special master can and cannot do in a court order.

Special masters often issue both interim recommendations and a final report to the parties and the court. If a party objects to what the special master decides or reports to the court, that party can ask the judge to review the matter. In general, the parties choose (by stipulation) whom they want the court to appoint as the special master, but there are times (see California Code of Civil Procedure Section 639), when the court may appoint a special master or referee without the parties' agreement. The parties are responsible to pay the special master's regular fees.

## COMMUNITY MEDIATION SERVICES

Mediation Services are available through non-profit community organizations. These low-cost services are provided by trained volunteer mediators. For more information about these programs contact the ADR Program at (925) 957-5787

FILED

2008 JUN 16  P 1: 35

K. TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CALIF.

BY:_____
J. MYOVICH, DEPUTY CLERK

1  Steven R. Blackburn, State Bar No. 154797
   Andrew J. Sommer, State Bar No. 192844
2  EPSTEIN BECKER & GREEN, P.C.
   One California Street, 26th Floor
3  San Francisco, California 94111-5427
   Telephone: 415.398.3500
4  Facsimile: 415.398.0955
   sblackburn@ebglaw.com
5  asommer@ebglaw.com

6  Attorneys for Defendant,
   INTERNATIONAL FIDELITY INSURANCE
7  COMPANY

8

9          SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              FOR THE COUNTY OF CONTRA COSTA

11

12  KEVIN E. CHAMBERS,                    CASE NO. C 08-00361

13              Plaintiff,               **DEFENDANT INTERNATIONAL
                                          FIDELITY INSURANCE COMPANY'S
14      v.                                ANSWER TO PLAINTIFF KEVIN E.
                                          CHAMBERS' COMPLAINT**
15  INTERNATIONAL FIDELITY
    INSURANCE COMPANY, an Entity of
16  Unknown Form; and DOES 1-20          Complaint filed:    February 13, 2008
                                         Trial Date:         None set
17              Defendants.
                                         BY FAX
18

19      Defendant International Fidelity Insurance Company ("Defendant") hereby responds to

20  Plaintiff Kevin E. Chambers' ("Plaintiff") Complaint as follows:

21                          **GENERAL DENIAL**

22      Defendant generally denies each and every allegation contained in Plaintiff's unverified

23  Complaint, pursuant to Section 431.30(d) of the California Code of Civil Procedure, and submits

24  the following affirmative defenses.

25  ///

26  ///

27  ///

28  ///

SF:174510v1                                      ANSWER TO COMPLAINT
                                                 Case No. C 08-00361

1

## FIRST AFFIRMATIVE DEFENSE

2

### (Failure to State a Cause of Action)

3     1.    As a first affirmative defense, Defendant avers that the Complaint, and each and

4    every purported cause of action alleged therein, fails to state facts sufficient to constitute a cause

5    of action.

6

## SECOND AFFIRMATIVE DEFENSE

7

### (Statute of Limitations)

8     2.    As a second affirmative defense, Defendant avers that Plaintiff's Complaint, and

9    each and every purported cause of action alleged therein, is barred by the applicable statutes of

10    limitations, including but not limited to, California Code of Civil Procedure sections 335.1, 338,

11    339, and 340, and California Government Code section 12960.

12

## THIRD AFFIRMATIVE DEFENSE

13

### (Failure to Mitigate)

14     3.    As a third affirmative defense, Defendant avers on information and belief that

15    Plaintiff's prayer for damages is barred, in whole or in part, because Plaintiff has failed to

16    exercise due diligence in an effort to mitigate his damages.

17

## FOURTH AFFIRMATIVE DEFENSE

18

### (Failure to Exhaust Administrative Remedies)

19     4.    As a fourth affirmative defense, Defendant avers that Plaintiff's cause of action

20    for age discrimination is barred for failure to exhaust his administrative remedies under the

21    California Fair Employment and Housing Act, Government Code section 12900, *et seq.*

22

## FIFTH AFFIRMATIVE DEFENSE

23

### (Unclean Hands)

24     5.    As a fifth affirmative defense, Defendant avers that the Complaint, and each and

25    every purported cause of action alleged therein, is barred as Plaintiff may not seek relief from

26    this court in that he comes before this court with unclean hands.

27    ///

28    ///

- 2 -

## SIXTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

6.      As a sixth affirmative defense, Defendant avers that on information and belief the Complaint, and each and every purported cause of action alleged therein, is barred as the doctrine of after-acquired evidence either limits Plaintiff's alleged damages or completely bars his suit.

## SEVENTH AFFIRMATIVE DEFENSE

### (Opinion)

7.      As a seventh affirmative defense, Defendant avers that Plaintiff's cause of action for defamation is barred because the alleged defamatory statements were matters of opinion.

## EIGHTH AFFIRMATIVE DEFENSE

### (Truth)

8.      As an eighth affirmative defense, Defendant avers that Plaintiff's cause of action for defamation is barred because the alleged defamatory statements were truthful.

## NINTH AFFIRMATIVE DEFENSE

### (Privileged Communications)

9.      As a ninth affirmative defense, Defendant avers that Plaintiff's causes of action for defamation and intention infliction of emotional distress are barred because the alleged statements or actions are privileged.

## TENTH AFFIRMATIVE DEFENSE

### (Waiver)

10.     As a tenth affirmative defense, Defendant avers that Plaintiff has by his own actions waived the right, if any, to seek the relief requested in his Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

11.     As an eleventh affirmative defense, Defendant avers that Plaintiff is estopped by his own actions from seeking the relief requested in his Complaint.

- 3 -

ANSWER TO COMPLAINT
Case No. C 08-00361

## TWELFTH AFFIRMATIVE DEFENSE

### (Laches)

12.     As a twelfth affirmative defense, Defendant avers that Plaintiff's Complaint, and each and every cause of action alleged therein, is barred by the doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Workers' Compensation Preemption)

13.     As a thirteenth affirmative defense, Defendant avers that to the extent that Plaintiff seeks damages for workplace injuries or purported workplace injuries, the exclusive remedy for Plaintiff's injuries, if any, is the Workers' Compensation Act of the State of California, Labor Code section 3200, *et seq.*

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages – Constitutional Basis)

14.     As a fourteenth affirmative defense, Defendant avers that Plaintiff's Complaint violates the rights of Defendant to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and the California Constitution because of, among other things, the vagueness and uncertainty of the criteria for the imposition of punitive damages and the lack of fair notice of what conduct will result in the imposition of such damages.  Plaintiff should therefore not be entitled to recover punitive damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (At-Will Employment)

15.     As a fifteenth affirmative defense, Defendant avers that Plaintiff's causes of action for breach of contract and breach of the covenant of good faith and fair dealing are barred because Plaintiff's employment was terminable at-will, pursuant to California Labor section 2922.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure of Consideration)

16.     As a sixteenth affirmative defense, Defendant avers that Plaintiff's causes of action for breach of contract and breach of the covenant of good faith and fair dealing are barred

- 4 -

by a failure of consideration.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Covenants Excused)

17.    As a seventeenth affirmative defense, Defendant avers that its performance under the agreements alleged in the Complaint is excused through Plaintiff's non-performance, inadequate performance, and/or other breach of a material covenant of the alleged agreements between them.

Defendant reserves its right to assert additional affirmative defenses in the event discovery and/or further factual investigation indicate that additional affirmative defenses are available.

**WHEREFORE**, Defendant prays for judgment as follows:

1.    That a decision be rendered dismissing Plaintiff's Complaint with prejudice;

2.    That Plaintiff take nothing by reason of his Complaint;

3.    That Defendant be awarded its costs of suit according to proof;

4.    That Defendant be awarded its attorneys' fees; and

5.    For such other and further relief as the Court may deem just and proper.

DATED: June 16, 2008                         EPSTEIN BECKER & GREEN, P.C.


By: _____
      Steven R. Blackburn
      Andrew J. Sommer
      Attorneys for Defendant
      INTERNATIONAL FIDELITY
      INSURANCE COMPANY

- 5 -

1

## PROOF OF SERVICE

2    STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

3    1.    At the time of service I was at least 18 years of age and **not a party to this legal action**.

4    2.    My business address is One California Street, 26th Floor, San Francisco, California 94111-5427.

5

6    3.    I served copies of the following documents (specify the exact title of each document served):

7        ➢ **DEFENDANT INTERNATIONAL FIDELITY INSURANCE COMPANY'S ANSWER TO PLAINTIFF KEVIN E. CHAMBERS' COMPLAINT**

8    4.    I served the documents listed above in item 3 on the following persons at the addresses
9          listed:

10       Charles R. Gossage, Esq.                *Attorneys for Plaintiff*
         31441 Santa Margarita Parkway           Tel    (949) 709-0006
11       Suite A260                              Fax    (949) 709-7838
         Rancho Santa Margarita, CA 92688

12   5.    b. ☑    **By United States mail**.  I enclosed the documents in a sealed envelope or
13               package addressed to the persons at the addresses in item 4 and *(specify one):*

14               (1) ☐    deposited the sealed envelope with the United States Postal Service, with
                          the postage fully prepaid on the date shown below, or

15               (2) ☑    placed the envelope for collection and mailing on the date shown below,
16                        following our ordinary business practices.  I am readily familiar with this
                          business's practice for collecting and processing correspondence for
17                        mailing.  On the same day that correspondence is placed for collection and
                          mailing, it is deposited in the ordinary course of business with the United
18                        States Postal Service, in a sealed envelope with postage fully prepaid.

19               I am a resident or employed in the county where the mailing occurred.   The
                 envelope or package was placed in the mail at San Francisco, California.

20   6.    I served the documents by the means described in item 5 on *(date):* June 16, 2008

21   I declare under penalty of perjury under the laws of the State of California that the foregoing is
22   true and correct.

23   6/16/08                Virginia Li
24   DATE            (TYPE OR PRINT NAME)            (SIGNATURE OF DECLARANT)

25

26

27

28

- 6 -

SF:174510v1                                          ANSWER TO COMPLAINT
                                                     Case No. C 08-00361